PEOPLE ex rel. SIMPSON v. SNYDER, County Treasurer.

(Supreme Court, Appellate Division, Third Department. May 3, 1916.)

ELECTIONS ☞53—COMPENSATION OF ELECTION OFFICERS.

Under Election Law (Consol. Laws, c. 17) § 190, amended by Laws 1913, c. 800, providing that the salaries of election commissioners and their expenditures for clerk hire shall be fixed by the board of supervisors in each county; Election Law, § 197, providing that the board of elections, shall have power to fix the number, salaries, duties, and rank of its chief clerks; and County Law (Consol. Laws, c. 11), amended by Laws 1914, c. 358, giving to the board of supervisors power to fix the amount of salary of any county officer or employé, notwithstanding the provision of any general or special law vesting in any board or body the power to fix such salaries—the board of supervisors *held* empowered to fix the salary of the chief clerk of the board of elections of Ulster county.

[Ed. Note.—For other cases, see Elections, Cent. Dig. §§ 49, 50; Dec. Dig. ☞53.]

Appeal from Special Term, Ulster County.

Mandamus by the People of the State of New York, on the relation of James V. Simpson, against John A. Snyder as County Treasurer of Ulster County. From an order allowing writ, defendant appeals. Reversed, and writ denied.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

John W. Eckert, of Kingston, for appellant.
N. Frank O'Reilly, of Kingston, for respondent.

JOHN M. KELLOGG, P. J. The question raised by the appeal is whether the board of supervisors or the board of elections may fix the salary of the chief clerk of the board of elections. Section 190 of the Election Law, as amended by chapter 800 of the Laws of 1913, provides:

"Except in the city of New York, the salaries of such commissioners and their expenditures for clerk hire, shall be fixed by the board of supervisors in each county, but shall not exceed the following amounts. * * *"

Section 197 of the same law provides that the board of elections—

"shall have power to fix the number, salaries, duties and rank of its chief clerks, * * * but not in excess of the amounts specified in section 190."

The County Law, as amended by chapter 358 of the Laws of 1914, gives to the board of supervisors the power to fix the amount of the salary or compensation of any county officer or employé, with certain exceptions, and of the clerks, assistants, or employés in any county office, with certain exceptions, notwithstanding the provisions of any general or special law fixing such salaries, or vesting in any board or body the power to fix such salaries or compensation. The evident meaning of this law is that the county, which has to pay the salary or compensation of its officers or employés, may fix the amount thereof, and this seems to be a reasonable provision. Treating the relator as an officer or an employé of the county, or a clerk in a county office, the power to fix his salary would seem to rest with the board of supervisors; the County Law being the last expression of the legislative intent upon that subject. The board of supervisors having fixed the salary of his position for the year beginning January 1, 1915, at $550, he is entitled to no further compensation for services rendered since that date.

If we overlook the provision of the County Law, the result is not different. If we read sections 190 and 197 of the Election Law, and try to harmonize them, we may say that the supervisors are to fix the gross amount to be expended for clerk hire within section 190, but that the board of elections may apportion the amount so fixed among its various clerks, as may seem best. The board of elections made the stenographer's salary $480, and the clerk's $720. The board of supervisors fixed the stenographer's salary at $480, and the clerk's at $550. The supervisors, therefore, fixed the total sum for both employés, apparently constituting the force, at $1,030; the board of elections have not changed the salary of the stenographer. If that salary remains the same, there would be but $550 to go to the clerk. When the board of supervisors fixed the expenditures for clerk hire and reduced the salary of the clerk, but not of the stenographer, if the board of elections wished a different apportionment, it should have taken some action. It has attempted no action since the supervisors reduced the amount of the expenditure, and it may therefore well be considered as having adopted the apportionment of the gross amount to be paid which the supervisors established. The liability of the county under section 190 by the act of the board of supervisors is fixed at $1,030 per year for both employés. The stenographer has received the

amount allotted to her by the commission; there is no money applicable to the payment of the relator other than the amount paid to him by the county treasurer. The gross expenditure for clerk hire permitted by the board has been made, and the relator is entitled to no relief against the appellant.

The order appealed from should be reversed, with $50 costs and printing disbursements, and the motion for the writ denied, without costs. All concur.